# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| FIREPOWER MARKETING, INC. d/b/a ROYALTY REWARDS, a Washington Corporation,<br><br>Plaintiff,<br>v.<br><br>RED ROBIN INTERNATIONAL, INC., a Nevada Corporation,<br><br>Defendant. | Civil No. 3:11-cv-05338-BHS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>NOTED ON MOTION CALENDAR:<br>**January 24, 2012** |

This Protected Order is issued to facilitate document disclosure and production under the Local Rules of this Court, including Local Rule CR 5(g), and Federal Rule of Civil Procedure 26(c)(1)(G). Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear

STIPULATED PROTECTIVE ORDER - 1 -
Civil No. 3:11-cv-05338-BHS

MERCHANT & GOULD P.C.
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

significantly on the Parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2. The Parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the Party disclosing or producing the Confidential Information ("Producing Party") and could place that Party at a competitive disadvantage;

3. Counsel for the Party or Parties receiving Confidential Information ("Receiving Party") are presently without sufficient information to accept the representation(s) made by the Producing Party or Parties as to the confidential, proprietary, and/or trade secret nature of such Confidential information; and

4. To protect the respective interests of the Parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT**:

**1. Confidential Discovery Material.** Any Party or Producing Party may designate any discovery material as "Confidential" or "Confidential Attorneys' Eyes Only" under the terms of the Order if such Party or Producing Party in good faith reasonably believes that such discovery material contains non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Order ("Confidential Discovery Material.") For purposes of this Order, discovery material considered to be Confidential Discovery Material includes all non-public materials containing information related, but not limited, to: (i) financial or business plans or projections; (ii) proposed strategic transactions and other business combinations, negotiations, inquiries or

**STIPULATED PROTECTIVE ORDER** - 2 -
Civil No. 3:11-cv-05338-BHS

**MERCHANT & GOULD P.C.**
**701 FIFTH AVENUE, SUITE 4100**
**SEATTLE, WASHINGTON 98104**
**TELEPHONE: (206) 342-6200**

agreements including, but not limited to, joint ventures, mergers, purchases, buy-outs, consolidations, transfers of interest and partnerships; (iii) trade secrets and proprietary technical information; (iv) studies or analyses by internal or outside experts or consultants; (v) financial or accounting results or data; (vi) customer lists, bids, solicitations and information; (vii) competitive analyses; (viii) personnel files or data; (ix) product development and planning; (x) personal financial, tax, or employment information; (xi) business, management and marketing plans and strategies; (xii) costs of goods and services; (xiii) pricing of goods and services; (xiv) acquisition offers and expressions of interests; (xv) contracts or agreements with customers, employees, affiliates or partners; (xvi) complaints, disputes, litigation, mediation or arbitration with customers, employees, affiliates or partners; (xvii) stockholder lists, registers and data; and (xviii) other personally sensitive or proprietary information whether embodied in physical objects, documents, or within the personal knowledge of persons, and which has been so designated by a party or non-party in responding to or making required and voluntary disclosures, discovery requests, or a *subpoenas duces tecum*.

Confidential information shall not include (a) advertising materials disseminated to the public; (b) materials that on their face show that they have been published to the general public; or (c) documents that have been submitted to any governmental entity without a request for confidential treatment.

**2.** **Use of Confidential Information.** Any Confidential Information obtained by any party from any person in this litigation may be used only for purposes of preparation and litigation of this lawsuit, including any appeal, and may not be disclosed publicly or to third

STIPULATED PROTECTIVE ORDER - 3 -
Civil No. 3:11-cv-05338-BHS

MERCHANT & GOULD P.C.
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

parties, except as expressly provided in this Protective Order or by further order of the Court. In no event may a receiving party use Confidential Information produced or disclosed to it in any way for any research, development, manufacture, financial, commercial, marketing, or any other personal or competitive purpose. Likewise, no receiving party, including its attorneys, may use Confidential Information produced to it for the preparation, prosecution, reexamination, or reissuance of any intellectual property rights of the receiving party.

**3. Scope.** This Protective Order shall apply to all pleadings, discovery papers, briefs, transcripts (deposition, trial, and otherwise) summaries, notes, abstracts, and other instruments that comprise, embody, summarize, discuss, or quote from any documents produced in the litigation or any other material designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY"; except, however, this Protective Order has no effect upon, and shall not apply to, a party's use of its own Confidential Information for any purpose.

**4. Designation of Confidential Information.** Consistent with Paragraphs 1-3, above, a producing party may designate any document or tangible thing as Confidential Information by labeling or marking it "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY." Subject to Paragraphs 1-3, above, a producing party may designate information not reduced to documentary, tangible, or physical form, as Confidential Information by informing all parties in writing that such information is designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY."

**(a) "CONFIDENTIAL."** A producing party may designate Confidential Information as "CONFIDENTIAL," if such party in good faith believes that such information

**STIPULATED PROTECTIVE ORDER** - 4 -
Civil No. 3:11-cv-05338-BHS

**MERCHANT & GOULD P.C.**
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

1 contains non-public, confidential, proprietary, or commercially sensitive information that
2 requires protections from public disclosure.

3 **(b)** **"CONFIDENTIAL ATTORNEY EYES ONLY."** A producing party may
4 designate nonpublic, proprietary information as "CONFIDENTIAL ATTORNEY EYES
5 ONLY," if such party in good faith believes that such information constitutes a trade secret or
6 that the disclosure of such information would cause serious injury to the producing party's
7 business or competitive interests. Examples of information that may be so designated
8 include: product formulations; identifications of customers; pricing information; margins for
9 products; costs of materials; process, distribution, and marketing information; and information
10 relating to future products not yet commercially released, the disclosure of which is
11 demonstrably likely to cause harm to the competitive position of the producing party.

12 **5.** **Challenges to Confidential Designations.** After a good-faith effort to resolve
13 the issue informally, any party may seek to have the Court order that the producing party re-
14 designate specified documents to the extent that its "CONFIDENTIAL" or
15 "CONFIDENTIAL ATTORNEY EYES ONLY" designations are not justified. A receiving
16 party shall not be obligated to challenge the propriety of the producing party's designations at
17 the time made. In the event that a party seeks to have the Court order re-designate the
18 producing party specified documents as provided herein, the producing party shall have
19 burden of proof that the designated specified documents are entitled to protection as
20 "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" information.

21 **6.** **Timing of Confidential Designations.** The labeling or marking of a
22 document with the designation "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY

**STIPULATED PROTECTIVE ORDER** - 5 -
**Civil No. 3:11-cv-05338-BHS**

MERCHANT & GOULD P.C.
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

1 EYES ONLY" shall be made when a copy of the document or thing is provided to the
2 receiving party or as soon thereafter as reasonably practical. Where documents which are to
3 be designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" are
4 too voluminous to be marked, that designation shall be made by reference to the type of
5 document or box or file in which it is maintained, provided that if a party asks that the
6 documents be copied, such language will be placed on the copies before delivery to the
7 requesting party. Any such designation that is inadvertently omitted may be corrected by
8 written notification to counsel for the receiving party, and the receiving party shall thereafter
9 mark and treat the materials as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY
10 EYES ONLY," as appropriate, and such material shall be subject to this Protective Order as if
11 it had been initially so designated.

**7. Disclosures to Witnesses.** Except as may be otherwise ordered by the Court, a receiving party may show to a witness at depositions and trial, and that witness may testify concerning, all information designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" of which the witness has prior knowledge, provided that the witness is otherwise permitted to view the material. Any person other than the witness, his or her attorney(s), or any person qualified to receive information designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination.

**8. Transcripts.** All transcripts of depositions and all audio and video recordings of depositions shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY

STIPULATED PROTECTIVE ORDER - 6 -
Civil No. 3:11-cv-05338-BHS

MERCHANT & GOULD P.C.
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

EYES ONLY" until the expiration of twenty (20) days after the deposition has been transcribed. If a party reasonably believes that questions asked during the deposition may call on the witness to disclose information that rightly should be designated "CONFIDENTIAL ATTORNEY EYES ONLY" then that party shall note that on the record and the witness shall not respond until the representatives of the parties have left the room. Party representatives may return to the deposition room whenever questions involve information which should not be designated "CONFIDENTIAL ATTORNEY EYES ONLY."

Pages or entire transcripts of testimony given at a deposition may be designated as containing "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" information by an appropriate statement either at the time of the giving of such testimony or within twenty (20) days after the transcription of the deposition. In such case, the reporter shall mark the original and all copies of a transcript with the designation. No copy of any transcript of any deposition that is designated, in part or in whole, as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" shall be furnished by the court reporter to any person other than to counsel of record. The original of any transcript of any deposition designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY," if required to be filed, shall be filed with the Court under seal, unless otherwise stipulated in writing by the parties.

**9.     Disclosure of Designated Confidential Information.**

**(a)** No person directly employed by a receiving party, including in-house counsel, shall have, or be given access to Confidential Information that a producing party has

STIPULATED PROTECTIVE ORDER - 7 -
Civil No. 3:11-cv-05338-BHS

MERCHANT & GOULD P.C.
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" other than as set forth below.

**(b)** Information designated as "CONFIDENTIAL ATTORNEY EYES ONLY" shall be disclosed only to:

(i) The United States District Court for the Western District of Washington at Tacoma and any appellate tribunal hearing an appeal from an order of that court;

(ii) Counsel of record (including local and trial counsel), partners, associates and employees of counsel of record, including any member of the support staff assisting such counsel, and independent shorthand reporters retained to record and transcribe testimony in connection with this action;

(iii) Claims examiners, including any member of support staff assisting such claims examiner for any insurance company that has accepted the tender of any claim accepted in this case and who have direct responsibility for the claim.

(iv) Any independent experts or consultants engaged by counsel or the parties to assist in this litigation, including their secretarial and clerical personnel, provided that disclosure to such independent experts or consultants and their secretarial and clerical personnel shall be made only on the conditions set forth in Paragraph 10 and of applicable Paragraph 11, below; and

(v) Members of an independent data entry or data processing staff assisting in the development or use of data retrieval systems in connection with this action and retained

STIPULATED PROTECTIVE ORDER - 8 -
Civil No. 3:11-cv-05338-BHS

MERCHANT & GOULD P.C.
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

by the parties or their attorneys, provided that disclosure to such data entry or data processing staff shall be made only on the conditions set forth in Paragraphs 10 and 11 below.

**(c)** In addition to those persons noted in Paragraph 9(a), above, information designated as "CONFIDENTIAL" may be disclosed to officers, in-house counsel, and employees of parties as necessary to prepare or defend this action.

**10. Disclosures to Advisors, Experts, and Consultants.** Trial counsel desiring to disclose Confidential Information to advisors, experts or consultants specified in Paragraph 9(b)(iv), above, shall first obtain a signed CONFIDENTIALITY AGREEMENT in the form of EXHIBIT A attached hereto from each such advisor, expert or consultant, and such counsel shall maintain a file containing the original of each such signed undertaking, as well as a list of the names and addresses of those persons signing the undertaking. Confidential Information shall be disclosed to such persons only to the extent counsel deems such disclosure to be necessary for the trial or preparation for trial of this action.

**11. Required Notice.** Confidential Information may be provided to an independent consultant or expert who is known to be an employee or agent of or consultant to any competitor of the party whose Confidential Information is to be disclosed only after five (5) business days following written notice to the disclosing party of the proposed disclosure to the consultant or expert. The notice shall include a current curriculum vitae of the consultant or expert to whom disclosure is sought. With the written notice shall be included a fully executed copy of the CONFIDENTIALITY AGREEMENT in the form of EXHIBIT A, completed by the consultant or expert and shall include the name, address and current employment of the consultant or expert. If the disclosing party makes a written objection to

the consultant or expert within the five (5) day period, no disclosure of the Confidential Information may be made to the consultant or expert, until the issue is resolved. If the parties cannot resolve the issue within three (3) business days after the written objection is served, the party objecting to the proposed disclosure shall have three (3) business days to seek relief from the Court. No "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" information that is the subject of an objection shall be shown to the consultant or expert until the time for seeking relief from the Court has expired without relief being sought, or by resolution of the objection by agreement or by the Court. Even if an independent consultant or expert is not known to be an employee or agent of or consultant to any competitor of the party whose Confidential Information is to be disclosed, the Confidential Information may only be provided to the independent consultant or expert upon signing and fully executing a copy of the CONFIDENTIALITY AGREEMENT in the form of EXHIBIT A, which shall include the name, address and current employment of the independent consultant or expert. The fully executed CONFIDENTIALITY AGREEMENT for such independent consultant or expert must be kept on file with counsel, but need not be served on the opposing party unless and until such independent consultant or expert is identified as a witness.

**12. Disclosures to Other Persons.** In the event that a party desires to provide access to or disseminate Confidential Information to any person not entitled to access under this Protective Order, it may move the Court for an order that such person be given access thereto if the parties cannot, after negotiating in good faith, agree to such additional access or dissemination.

**STIPULATED PROTECTIVE ORDER** - 10 -
Civil No. 3:11-cv-05338-BHS

MERCHANT & GOULD P.C.
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

**13. Filing under Seal.** Pursuant to the Local Rules for the Western District of Washington, parties will comply with Civil Rule 5(g) when seeking to file documents under seal.

**14. Effect of Acceptance.** The acceptance by the receiving party or parties of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" shall not constitute an agreement, admission or concession, or permit an inference, that the materials are in fact confidential or trade secrets. Documents designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" shall be treated in accordance with the provision of this Protective Order, except that any party may at any time seek an Order from the Court determining that specified information or categories of information are not entitled to protection under this Protective Order.

**15. Privileged Information.** Nothing in this Protective Order shall require disclosure of material that a party contends is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege. Likewise, nothing in this Protective Order shall preclude any party from moving the Court for an Order directing the disclosure of such material.

**16. Inadvertent Production.** Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced
STIPULATED PROTECTIVE ORDER - 11 -
Civil No. 3:11-cv-05338-BHS

MERCHANT & GOULD P.C.
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

documents or information, including all copies thereof, shall be returned to the producing party immediately upon request. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned, provided, however, that the receiving party may challenge the propriety of such designation as privileged.

**17.  Unintentional Failure to Designate.**  Any item or information inadvertently furnished or otherwise disclosed by the producing Party or third person during the course of this litigation without a designation of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" may nevertheless subsequently be designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" under this Protective Order, but only when counsel for the receiving party receives written notice from the producing party or third person of the failure to designate and of the request to thereafter treat such information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY." The non-designating party and others shall not be responsible for failure to treat undesignated materials as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" where such failure occurs before receipt of written notice from the designating party or where the non-designating party has not had a reasonable opportunity to advise others to whom such information had already been disclosed that such information should be so treated. Once the receiving party has written notice of the intend to designate the information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY," the receiving party, and all others having received such information and having been notified of the requested

STIPULATED PROTECTIVE ORDER - 12 -
Civil No. 3:11-cv-05338-BHS

MERCHANT & GOULD P.C.
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

designation, shall promptly stamp all such information with the appropriate legend and shall thereafter treat such information as designated.

**18. Petitions for Relief.** This Protective Order shall not prevent any party or parties from applying to the Court for relief from the Protective Order, or from applying to the Court for further or additional relief by way of protective orders or otherwise, or from agreeing in writing among themselves to protective arrangements not contained in this Protective Order.

**19. Post-Judgment and Post-Settlement Obligations.** Within sixty (60) days after the final conclusion of this action, including any appeals, all Confidential Information produced by any party, and all copies of such information, shall be returned to the producing party, or counsel of record shall certify in writing that such material has been destroyed. Counsel of record may retain a copy of all correspondence, pleadings, motion papers, discovery responses, deposition and trial transcripts, legal memoranda, and work product.

**20. Survival.** This Protective Order shall survive the final termination of this action with respect to any retained Confidential Information.

**21. Use of Designated Confidential Information During Testimony.** If counsel for Firepower, Red Robin, or any third-party witness believes that any question that will be put to a witness at a deposition upon oral examination will disclose Confidential Information, or that answers to any question will require such disclosure, or if Confidential Information will be used as exhibits during examination, such counsel shall so notify opposing counsel, and the deposition of the witness, or confidential portions thereof, shall be taken only in the

STIPULATED PROTECTIVE ORDER - 13 -
Civil No. 3:11-cv-05338-BHS

MERCHANT & GOULD P.C.
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

1 presence of persons entitled to access to Confidential Information under paragraph 11 hereof, 2 and the court reporter.

3 **22. Copying.** Information designated as "CONFIDENTIAL" or 4 "CONFIDENTIAL ATTORNEY EYES ONLY" may be copied and reproduced (in any 5 format) only by a qualified receiving party and solely for the purpose of transmission to other 6 qualified parties or the making of working copies, abstracts, digests, and analyses of 7 information designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES 8 ONLY" for use in connection with this litigation. Such working copies, abstracts, digests, 9 and analyses shall be deemed information designated "CONFIDENTIAL" or 10 "CONFIDENTIAL ATTORNEY EYES ONLY" under the terms of this Protective Order.

11 **23. Amendments.** This Protective Order shall not be amended by the parties 12 except on prior notice to counsel and upon approval by the Court. The Court may amend the 13 terms of this Protective Order on its own motion after notice to the parties and an opportunity 14 to be heard.

15 **24.** Should any information designated "CONFIDENTIAL" or "CONFIDENTIAL 16 ATTORNEY EYES ONLY" be disclosed, through inadvertence or otherwise, to any person 17 or party not duly authorized under this Protective Order, then the receiving party shall use its 18 best efforts to obtain the return of such information and to bind such persons to the terms of 19 this Protective Order within three (3) business days of the discovery of such disclosure, 20 inform such persons of all provisions of this Protective Order; within five (5) business days of 21 the discovery of such disclosure, identify such persons to the producing party; and request 22 such persons execute the CONFIDENTIALITY AGREEMENT attached hereto as EXHIBIT

STIPULATED PROTECTIVE ORDER - 14 -
Civil No. 3:11-cv-05338-BHS

MERCHANT & GOULD P.C.
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

A. The executed CONFIDENTIALITY AGREEMENT shall be served upon Outside Counsel of record for the producing party within five (5) business days of its execution by the party to whom CONFIDENTIAL or CONFIDENTIAL ATTORNEY EYES ONLY information was disclosed.

**25.** This Protective Order and any other orders permitting materials to be filed and maintained under seal shall survive the termination of this litigation. Moreover, the Court's jurisdiction over this Protective Order and any other orders permitting materials to be filed and maintained under seal shall survive the termination of this litigation.

DATED this 5th day of March, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge

Presented by:

**MERCHANT & GOULD P.C.**

s/ Allison S. Wallin
Allison S. Wallin, WSBA #24285
Paul H. Beattie, WSBA # 30277
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Tel: (206) 342-6200
Fax: (206) 342-6201
E-mail: pbeattie@merchantgould.com
E-mail: awallin@merchantgould.com

Kathleen E. Ott, Esq., *pro hac vice*
Kirstin Stoll-DeBell, *pro hac vice*
1050 Seventeenth Street, Suite 1900

**STIPULATED PROTECTIVE ORDER** - 15 -
Civil No. 3:11-cv-05338-BHS

**MERCHANT & GOULD P.C.**
701 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 342-6200

| | |
|---|---|
| 1 | Denver, CO  80265<br>Tel:  (303) 357-1670 |
| 2 | Fax:  (303) 357-1671<br>E-mail:  kstoll@merchantgould.com |
| 3 | |
| 4 | Scott W. Johnston, *pro hac vice*<br>80 S. 8th Street, Suite 3200<br>Minneapolis, MN  55402 |
| 5 | Tel:  (612) 332-5300<br>Fax:  (612) 332-9081 |
| 6 | E-mail:  sjohnston@merchantgould.com |
| 7 | ***Attorneys for Defendant, Red Robin*** |
| 8 | ***International, Inc.*** |
| 9 | **WINTHROP & WEINSTINE** |
| 10 | |
| 11 | Peter J. Gleekel<br>Bradley J. Walz |
| 12 | 225 South 6th Street<br>Minneapolis, MN  55402 |
| 13 | Tel:  (612) 604-6836<br>E-mail: pgleekel@winthrop.com<br>E-mail: bwalz@winthrop.com |
| 14 | **KARR TUTTLE CAMPBELL** |
| 15 | Robert A. Radcliffe<br>1201 Third Avenue, Suite 2900<br>Seattle, WA  98101-3028 |
| 16 | Tel: (206) 682-7100<br>E-Mail: rradcliffe@karrtuttle.com |
| 17 | ***Attorneys for Plaintiff, Firepower*** |
| 18 | ***Marketing, Inc.*** |

# EXHIBIT A

*UNITED STATES DISTRICT COURT*
*WESTERN DISTRICT OF WASHINGTON AT TACOMA*

| | | |
|---|---|---|
| *FIREPOWER MARKETING, INC. D/B/A ROYALTY REWARDS,* ) ) ) ) | No.: 11-5338-BHS | |
| *Plaintiff,* ) | ***STIPULATION FOR*** | |
| *vs.* ) | ***PROTECTIVE ORDER*** | |
| ) | | |
| *RED ROBIN INTERNATIONAL, INC.* ) ) | | |
| *Defendant.* ) ) | | |

## WRITTEN ASSURANCE OF COMPLIANCE WITH PROTECTIVE ORDER

I hereby certify that I have read the attached Protective Order <u>Firepower Marketing, Inc. d/b/a Royalty Rewards v. Red Robin International, Inc.</u>, Court File No. 11-5338-BHS. I agree that I will not reveal "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in accordance with the Order. I further agree that I will use "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only for purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in accordance with the Protective Order. I agree that the United States District Court for the Western District of Washington at Tacoma ("the Court") has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of the Court over my person for that purpose. I will otherwise be bound by the strictures of the Protective Order.

_____
(Signature)

Dated: _____

_____
(Print Name)

_____
(Company)

**STIPULATED PROTECTIVE ORDER** - 17 -
**Civil No. 3:11-cv-05338-BHS**

**MERCHANT & GOULD P.C.**
**701 FIFTH AVENUE, SUITE 4100**
**SEATTLE, WASHINGTON 98104**
**TELEPHONE: (206) 342-6200**