1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                    AT TACOMA

7

8   FIREPOWER MARKETING INC., d/b/a
    ROYALTY REWARDS,
9                                                   CASE NO. C11-5338 BHS

                        Plaintiff,                  ORDER GRANTING IN PART
10                                                  AND DENYING IN PART
                                                    PLAINTIFF'S MOTION TO
11         v.                                       COMPEL

12  RED ROBIN INTERNATIONAL, INC,

13                      Defendant.

14

15          This matter comes before the Court on Firepower Marketing, Inc.'s ("Firepower")

16  motion to compel discovery and production of documents (Dkt. 44). The Court has

17  considered the pleadings filed in support of and in opposition to the motion and the

    remainder of the file and hereby grants in part and denies in part the motion for the
18
    reasons stated herein.
19
                                    **I. PROCEDURAL HISTORY**
20
            On August 17, 2012, Firepower filed a motion to compel discovery and production
21
    of documents and seeking costs and fees associated with the motion.  Dkt. 44.  On
22

ORDER - 1

September 4, 2012, Red Robin International, Inc. ("Red Robin") filed a response in

opposition to Firepower's motion.  Dkt. 54.  On September 7, 2012, Firepower filed a

reply.  Dkt. 55.

## II. FACTUAL BACKGROUND

This matter arises out of a lawsuit filed by Firepower alleging, in part, that the use

of the RED ROYALTY mark for a customer loyalty program infringes on its federally

registered trademark rights, and its ROYALTY REWARDS mark, also for a customer

loyalty program, infringes on its trademark rights in its RED ROBIN BURGER mark

sandwich.  Dkt. 44 at 2 & 26 at 1-13.  Red Robin has counterclaimed alleging violations

of its own trademarks against Firepower.  *See* Dkt. 18.

In Firepower's motion, it sought to compel more than thirty responses or further

responses to interrogatories and requests for production from Red Robin.  *See* Dkt. 44 at

2.  Before Firepower filed its reply brief, Red Robin supplemented the responses to

Firepower's interrogatories and requests for production.  Despite these supplements,

Firepower argues that its motion to compel is not moot because (1) Red Robin's answer

to interrogatory no. 25 is still incomplete and evasive, and (2) it takes issue with

Firepower's method of producing documents[1] relevant to Document Request No. 64

---

[1] Firepower argues that Red Robin has also failed to respond to Request 64. Dkt. 55 at 1.
However, in its reply, Firepower makes no argument or cites any legal authority to demonstrate
how Red Robin has failed to be responsive, except by its allegedly "strategic[]" method of
"document [dump]ing."  Dkt. 55 at 5-6.  Therefore, the Court focuses only on Red Robin's
method of document production.

1  ("Request No. 64").[2]  Dkt. 55 at 1. Therefore, this order addresses these two remaining

2  issues.

3                                  **III. DISCUSSION**

4          Pursuant to Rule 37(a), a party propounding discovery may seek an order

5  compelling disclosure when an opposing party has failed to respond or has provided

6  evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or

7  incomplete disclosure, answer, or response must be treated as a failure to disclose,

8  answer, or respond."  Fed. R. Civ. P. 37(a)(4)).  Pursuant to Fed. R. Civ. P. 37(a)(5)(A),

9  "if the motion to compel is granted, the court must … require the party… whose conduct

10  necessitated the motion, … to pay the movant's reasonable expenses incurred in making

11  the motion…." However, the court must not order this payment, "if …(ii) the opposing

12  party's nondisclosure, response, or objection was substantially justified, or (iii) other

13  circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

14  **A.      Interrogatory No. 25**

15          Firepower argues that Red Robin's response is evasive, and it has not

16  supplemented its response with any additional information.  Interrogatory No. 5 reads "If

17  you contend a hamburger is related to a customer loyalty program, describe all facts you

18  believe support your contention."  Dkt. 56-3 at 38.

19

20

_____

21          [2] If other discovery issues remain, post Red Robin's supplements, Firepower does not
22  make any argument about other specific issues in its reply.  The Court assumes the other issues
    identified in Firepower's original motion were resolved by Red Robin's supplements.

1        Red Robin's response to this request contains the objection that the request is

2   "overly broad and burdensome" in that it seeks, without limitation, the identification of

3   "all facts" supporting the contention.  *Id.*  Red Robin's response to the interrogatory

4   continues for two additional paragraphs but provides little in the way of an answer to the

5   relatedness query posed by the interrogatory.  *See id.*   Essentially, Firepower argues that

6   Red Robin's response focuses on the similarity of the marks at issue in its counterclaim,

7   rather than providing an answer to Firepower's interrogatory regarding how a hamburger

8   is related to a customer loyalty program.  Dkt. 55 at 4.  The Court agrees with

9   Firepower's contention.

10        Nonetheless, the Court finds the language of the interrogatory itself, namely the

11   phrase "all facts," overly broad.  Therefore, the Court orders Firepower to narrow the

12   factual basis on which it wishes Red Robin to answer.   Despite the broadness of

13   Firepower's original request, the Court finds that Red Robin's answer is evasive in that

14   fails to focus on the question regarding the relatedness of a hamburger to a loyalty

15   program.  Assuming the new interrogatory is not overly broad, the Court orders Red

16   Robin to answer the re-phrased interrogatory directly and without evasion.

17   **B.**      **Request No. 64**

18        From Firepower's reply brief, it appears there remains one central issue regarding

19   Request No. 64: that Red Robin's supplements, particularly its second supplement, has

20   made it more difficult for Firepower to determine whether and how it has supplemented

21   its response.  Dkt. 55 at 4.  Firepower alleges that Red Robin has been "strategically

22   producing information," with its second supplement containing 11,416 pages, including

ORDER - 4

1  3,358 pages of new material, which it claims is merely a "document dump." *Id.* at 5.

2  Thus, Firepower takes issue with Red Robin's method of production, implying it is

3  intentionally hindering the discovery process. *See id.* at 5-6.

4  Based on the briefing, it is unclear to the Court whether the supplementation

5  described by Firepower pertains only to Request 64 or not.  Since that is the only

6  document request specifically discussed in Firepower's reply, the Court addresses the

7  impact of Red Robin's production as if it related only on Request 64.  However, the

8  general rule cited below applies broadly to all document production.

9  According to Fed. R. Civ. P. ("Rule") 34(b)(2)(D):

10  **(E)** *Producing the Documents or Electronically Stored Information.*
   Unless otherwise stipulated or ordered by the court, these procedures apply
11  to producing documents or electronically stored information:
   **(i)** A party must produce documents as they are kept in the usual
12  course of business or must organize and label them to correspond to the
   categories in the request;
13  **(ii)** If a request does not specify a form for producing electronically
   stored information, a party must produce it in a form or forms in which it is
14  ordinarily maintained or in a reasonably usable form or forms; and
   **(iii)** A party need not produce the same electronically stored
15  information in more than one form.

16  Firepower's briefing does not clearly argue that Red Robin has failed to comply

17  with the above-cited rule, though its takes issue with Red Robin's method of document

18  production.   Because Firepower has not shown a violation of Rule 34(b)(2)(D) or clearly

19  demonstrated that Red Robin's supplements to Request 64 were produced in bad faith or

20  to thwart discovery, the Court finds no discovery violation.  Plaintiffs are not entitled to

21  have Defendants produce and organize discovery documents in their preferred manner,

22  unless agreed to by the parties.

ORDER - 5

C.    **Expenses**

Because the Court finds that (1) both parties share responsibility for the failure to achieve a satisfactory answer to  interrogatory no. 25 and (2) Red Robin did not violate any rule regarding the method of document production with respect to Request no. 64, the Court concludes that an award of expenses associated with Firepower's motion to compel is not justified at this time.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Firepower's motion to compel (Dkt. 44) is **GRANTED** with respect to interrogatory no. 25 and **DENIED** with respect to Request No. 64**.**

Dated this 22nd day of October, 2012.

_____

BENJAMIN H. SETTLE
United States District Judge