UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FIREPOWER MARKETING INC., d/b/a ROYALTY REWARDS,<br><br>                Plaintiff,<br><br>   v.<br><br>RED ROBIN INTERNATIONAL, INC,<br><br>                Defendant. | CASE NO. C11-5338 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Firepower Marketing, Inc.'s ("Firepower") motion to compel discovery and production of documents (Dkt. 44). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 17, 2012, Firepower filed a motion to compel discovery and production of documents and seeking costs and fees associated with the motion. Dkt. 44. On

ORDER - 1

1 September 4, 2012, Red Robin International, Inc. ("Red Robin") filed a response in
2 opposition to Firepower's motion. Dkt. 54. On September 7, 2012, Firepower filed a
3 reply. Dkt. 55.

## II. FACTUAL BACKGROUND

5       This matter arises out of a lawsuit filed by Firepower alleging, in part, that the use
6 of the RED ROYALTY mark for a customer loyalty program infringes on its federally
7 registered trademark rights, and its ROYALTY REWARDS mark, also for a customer
8 loyalty program, infringes on its trademark rights in its RED ROBIN BURGER mark
9 sandwich. Dkt. 44 at 2 & 26 at 1-13. Red Robin has counterclaimed alleging violations
10 of its own trademarks against Firepower. *See* Dkt. 18.

11       In Firepower's motion, it sought to compel more than thirty responses or further
12 responses to interrogatories and requests for production from Red Robin. *See* Dkt. 44 at
13 2. Before Firepower filed its reply brief, Red Robin supplemented the responses to
14 Firepower's interrogatories and requests for production. Despite these supplements,
15 Firepower argues that its motion to compel is not moot because (1) Red Robin's answer
16 to interrogatory no. 25 is still incomplete and evasive, and (2) it takes issue with
17 Firepower's method of producing documents[1] relevant to Document Request No. 64

---

[1] Firepower argues that Red Robin has also failed to respond to Request 64. Dkt. 55 at 1. However, in its reply, Firepower makes no argument or cites any legal authority to demonstrate how Red Robin has failed to be responsive, except by its allegedly "strategic[]" method of "document [dump]ing." Dkt. 55 at 5-6. Therefore, the Court focuses only on Red Robin's method of document production.

1  ("Request No. 64").[2] Dkt. 55 at 1. Therefore, this order addresses these two remaining
2  issues.

### III. DISCUSSION

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4)). Pursuant to Fed. R. Civ. P. 37(a)(5)(A), "if the motion to compel is granted, the court must … require the party… whose conduct necessitated the motion, … to pay the movant's reasonable expenses incurred in making the motion…." However, the court must not order this payment, "if …(ii) the opposing party's nondisclosure, response, or objection was substantially justified, or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

**A.  Interrogatory No. 25**

Firepower argues that Red Robin's response is evasive, and it has not supplemented its response with any additional information. Interrogatory No. 5 reads "If you contend a hamburger is related to a customer loyalty program, describe all facts you believe support your contention." Dkt. 56-3 at 38.

---

[2] If other discovery issues remain, post Red Robin's supplements, Firepower does not make any argument about other specific issues in its reply. The Court assumes the other issues identified in Firepower's original motion were resolved by Red Robin's supplements.

Red Robin's response to this request contains the objection that the request is "overly broad and burdensome" in that it seeks, without limitation, the identification of "all facts" supporting the contention. *Id*. Red Robin's response to the interrogatory continues for two additional paragraphs but provides little in the way of an answer to the relatedness query posed by the interrogatory. *See id.* Essentially, Firepower argues that Red Robin's response focuses on the similarity of the marks at issue in its counterclaim, rather than providing an answer to Firepower's interrogatory regarding how a hamburger is related to a customer loyalty program. Dkt. 55 at 4. The Court agrees with Firepower's contention.

Nonetheless, the Court finds the language of the interrogatory itself, namely the phrase "all facts," overly broad. Therefore, the Court orders Firepower to narrow the factual basis on which it wishes Red Robin to answer. Despite the broadness of Firepower's original request, the Court finds that Red Robin's answer is evasive in that fails to focus on the question regarding the relatedness of a hamburger to a loyalty program. Assuming the new interrogatory is not overly broad, the Court orders Red Robin to answer the re-phrased interrogatory directly and without evasion.

**B.   Request No. 64**

From Firepower's reply brief, it appears there remains one central issue regarding Request No. 64: that Red Robin's supplements, particularly its second supplement, has made it more difficult for Firepower to determine whether and how it has supplemented its response. Dkt. 55 at 4. Firepower alleges that Red Robin has been "strategically producing information," with its second supplement containing 11,416 pages, including

ORDER - 4

3,358 pages of new material, which it claims is merely a "document dump." *Id*. at 5. Thus, Firepower takes issue with Red Robin's method of production, implying it is intentionally hindering the discovery process. *See id.* at 5-6.

Based on the briefing, it is unclear to the Court whether the supplementation described by Firepower pertains only to Request 64 or not. Since that is the only document request specifically discussed in Firepower's reply, the Court addresses the impact of Red Robin's production as if it related only on Request 64. However, the general rule cited below applies broadly to all document production.

According to Fed. R. Civ. P. ("Rule") 34(b)(2)(D):

> **(E)** *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
> **(i)** A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> **(ii)** If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
> **(iii)** A party need not produce the same electronically stored information in more than one form.

Firepower's briefing does not clearly argue that Red Robin has failed to comply with the above-cited rule, though its takes issue with Red Robin's method of document production. Because Firepower has not shown a violation of Rule 34(b)(2)(D) or clearly demonstrated that Red Robin's supplements to Request 64 were produced in bad faith or to thwart discovery, the Court finds no discovery violation. Plaintiffs are not entitled to have Defendants produce and organize discovery documents in their preferred manner, unless agreed to by the parties.

C. **Expenses**

Because the Court finds that (1) both parties share responsibility for the failure to achieve a satisfactory answer to interrogatory no. 25 and (2) Red Robin did not violate any rule regarding the method of document production with respect to Request no. 64, the Court concludes that an award of expenses associated with Firepower's motion to compel is not justified at this time.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Firepower's motion to compel (Dkt. 44) is **GRANTED** with respect to interrogatory no. 25 and **DENIED** with respect to Request No. 64**.**

Dated this 22nd day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge